UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DOROTHY PHILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: 5:08-CV-155 (HL) |
| | ) |
| HOSPITAL AUTHORITY OF | ) |
| HOUSTON COUNTY, GEORGIA | ) |
| d/b/a HOUSTON MEDICAL | ) |
| CENTER, | ) |
| | ) |
| Defendant. | ) |

## DECLARATION UNDER PENALTY OF PERJURY OF JERRY WEST

1.  My name is Jerry West. I presently reside in the State of Georgia, and I am employed as the Director of Quality Resource Management at Houston Healthcare System, Inc., which does business as Houston Healthcare ("HHC"). I have held that position since September 2002. I first became employed by the Hospital Authority of Houston County (predecessor to Houston Healthcare System, Inc.) in September 2002. From April 2003 until January 2008, I was the HIPAA (Health Insurance Portability and Accountability Act) Privacy Officer. This Declaration supplements, and incorporates by reference, my deposition testimony in this case, given on March 16, 2009.

2.  As the HIPAA Privacy Officer, I would from time to time be asked to review patient records to determine whether or not there had been any HIPAA violations. As set forth in my deposition testimony, I was asked in May 2006 to review medical record excerpts that had been presented to the Human Resources Department by Dorothy Philson. I concluded that Ms. Philson's actions in copying the documents and taking them to the meeting in Human Resources

constituted a violation of HIPAA, as well as HHC's policies on confidentiality of patient records, and I informed management officials of my conclusions.

3.  I have become aware that Ms. Philson has claimed that her copying of patient records was no different than what her supervisor, David McCarey, had done when he showed her the errors that she had made in patient records, specifically the use of the abbreviation "QD" and an incomplete nursing assessment.

4.  Based on my training and experience in HIPAA compliance matters, it is my opinion that Mr. McCarey's actions did not constitute a HIPAA violation, nor did they violate any privacy laws or hospital policies on confidentiality.  First, Mr. McCarey was acting in his supervisory capacity when he met with Ms. Philson to show her the errors that she had made.  Since the errors had been discovered in an audit by a Joint Commission (JCAHO) consultant, Mr. McCarey had a "need to know" what was in the records.  Second, the records that Mr. McCarey went over with Ms. Philson were records that _she_ had filled out on a patient or patients that _she_ had treated.  Therefore, there was no "disclosure" of information, since Ms. Philson herself had entered the information in question.

5.  I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 20, 2009.

_____
JERRY WEST